Neil J. McNabnay, *pro hac vice pending*
Texas Bar No. 24002583
mcnabnay@fr.com
Ricardo J. Bonilla, *pro hac vice forthcoming*
Texas Bar No. 24082704
rbonilla@fr.com
Collin J. Marshall, *pro hac vice forthcoming*
Texas Bar No. 24109509
cmarshall@fr.com
FISH & RICHARDSON, P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone: (214) 747-5070
Facsimile: (214) 747-2091

Attorneys for Defendant Zava Global Partners, LLC d/b/a Blueink

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Digital Verification Systems, LLC, | No. CV-21-00919-PHX-DWL |
| Plaintiff, | JURY TRIAL DEMANDED |
| v. | **ZAVA'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT** |
| Zava Global Partners, LLC d/b/a Blueink, | |
| Defendant. | |

DATED this 10th day of June, 2021.

*/s/ Neil J. McNabnay*
Neil J. McNabnay
Attorney for Defendant Zava Global Partners, LLC d/b/a Blueink

Defendant Zava Global Partners, LLC d/b/a Blueink ("Zava") files this Answer, Affirmative Defenses, and Counterclaims to Plaintiff Digital Verification Systems, LLC's ("Plaintiff's") Complaint for Patent Infringement ("Complaint"). Zava denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.[1]

## THE PARTIES AND JURISDICTION

1.      Zava admits the Complaint purports to set forth an action for patent infringement under Title 35 of the United States Code, but Zava denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. Zava denies any remaining allegations in Paragraph 1 of the Complaint.

2.      Zava admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff has alleged infringement of a patent, but Zava denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. Zava denies any remaining allegations in Paragraph 2 of the Complaint.

3.      Zava is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and, on that basis, denies all such allegations.

4.      Zava admits that it is a Nevada limited liability company with a principal place of business at 7373 E. Doubletree Ranch Road, Suite 200, Scottsdale, AZ 85258, and that it may be served with process through its registered agent, Legalinc Corporate Services Inc., 1810 E. Sahara Avenue, Suite 215, Las Vegas, NV 89104. Zava denies any remaining allegations in Paragraph 4 of the Complaint.

5.      Zava does not contest whether this Court has personal jurisdiction over it for the purposes of this action, but Zava denies it has committed or is committing acts of

---

[1] For avoidance of doubt, Zava denies liability for all allegations of patent infringement included or implied in the introductory paragraph or in any headings of the Complaint.

infringement in this District or anywhere else. Zava denies any remaining allegations in Paragraph 5 of the Complaint.

6.  Zava admits that it does business in this District. Zava admits that the Complaint purports to set forth an action for alleging patent infringement that has allegedly occurred in this District, but Zava denies it has committed or is committing acts of infringement in this District or anywhere else. Zava denies any remaining allegations in Paragraph 6 of the Complaint.

**VENUE**

7.  Zava does not contest whether venue is proper in this District pursuant to 28 U.S.C. § 1400(b). Zava admits that it has a principal place of business in this District. Zava denies any remaining allegations in Paragraph 7 of the Complaint.

**COUNT I: [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 9,054,860**

8.  Zava incorporates by reference Paragraphs 1–7 above.

9.  Zava admits the Complaint purports to set forth an action for patent infringement under Title 35 of the United States Code §§ 271, *et seq.*, but Zava denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. Zava denies any remaining allegations in Paragraph 9 of the Complaint.

10.  Zava is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and, on that basis, denies all such allegations.

11.  Zava admits that a purported copy of the '860 Patent is attached to the Complaint as Exhibit A. Zava admits that Exhibit A indicates that it is entitled "Digital Verified Identification System and Method." Zava is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 11 of the Complaint and, on that basis, denies all such allegations.

12.  Zava denies the allegations in Paragraph 12 of the Complaint.

13.  Zava denies the allegations in Paragraph 13 of the Complaint.

14.     Zava admits that it provides the Blueink product, as described at https://blueink.com/solutions/esignature-software/. Zava denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. Zava denies any remaining allegations in Paragraph 14 of the Complaint.

15.     Zava denies the allegations in Paragraph 15 of the Complaint.

16.     Zava denies the allegations in Paragraph 16 of the Complaint.

17.     Zava denies the allegations in Paragraph 17 of the Complaint.

18.     Zava denies the allegations in Paragraph 18 of the Complaint.

19.     Zava denies the allegations in Paragraph 19 of the Complaint.

20.     Zava denies the allegations in Paragraph 20 of the Complaint.

21.     Zava denies the allegations in Paragraph 21 of the Complaint.

22.     Zava denies the allegations in Paragraph 22 of the Complaint.

## [PLAINTIFF'S] PRAYER FOR RELIEF

Zava denies Plaintiff is entitled to any relief from Zava and denies all the allegations contained in Paragraphs A–F of Plaintiff's Prayer for Relief.

## [PLAINTIFF'S] DEMAND FOR JURY TRIAL

Zava is not required to provide a response to Plaintiff's request for a trial by jury.

## AFFIRMATIVE DEFENSES

Zava's Affirmative Defenses are listed below. Zava reserves the right to amend its answer to add additional Affirmative Defenses consistent with the facts discovered in this action.

## FIRST AFFIRMATIVE DEFENSE

Zava has not infringed and does not infringe, either literally or under the doctrine of equivalents, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the '860 Patent (the "Asserted Patent").

**SECOND AFFIRMATIVE DEFENSE**

Each asserted claim of the Asserted Patent is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

**THIRD AFFIRMATIVE DEFENSE**

To the extent that Plaintiff, any predecessors in interest, or any licensees to the '860 Patent failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that Zava's actions allegedly infringe the '860 Patent, Zava is not liable to Plaintiff for the acts alleged to have been performed before Zava received actual notice that it was allegedly infringing the '860 Patent.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's attempted enforcement of the '860 Patent against Zava is barred by one or more of the equitable doctrines of estoppel, acquiescence, waiver, and unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**

The claims of the '860 Patent are not entitled to a scope sufficient to encompass any system employed or process practiced by Zava.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted because, among other things, Plaintiff has not stated a plausible allegation that Zava infringes, either directly or indirectly, under any theory of infringement, any valid, enforceable claim of the '860 Patent.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted because the '860 Patent does not claim patent-eligible subject matter under 35 U.S.C. § 101.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff is precluded from recovering its reasonable attorneys' fees, costs, and/or increased damages under 35 U.S.C. §§ 284 or 285.

### NINTH AFFIRMATIVE DEFENSE

To the extent Plaintiff contends that it alleges a claim for indirect infringement (whether by inducement or contributorily), Plaintiff has failed to state a claim upon which relief can be granted.

### TENTH AFFIRMATIVE DEFENSE

Should Zava be found to infringe any valid, enforceable claim of the '860 Patent, such infringement was not willful.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to injunctive relief as it has, at a minimum, no irreparable injury and an adequate remedy at law for the alleged infringement.

## ZAVA'S COUNTERCLAIMS

For its counterclaims against Counterclaim Defendant Digital Verification Systems, LLC ("Counterclaim Defendant"), Counterclaim Plaintiff Zava Global Partners, LLC d/b/a Blueink ("Zava") alleges as follows:

### PARTIES

1.      Zava is a Nevada limited liability company with a principal place of business at 7373 E. Doubletree Ranch Road, Suite 200, Scottsdale, AZ 85258.

2.      Upon information and belief based solely on Paragraph 2 of the Complaint as pled by Counterclaim Defendant, Counterclaim Defendant is a Texas limited liability company located at 1 East Broward Boulevard, Suite 700, Fort Lauderdale, FL 33301.

### JURISDICTION

3.      Zava incorporates by reference Paragraphs 1–2 above.

4.      These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

5.      Counterclaim Defendant has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

6.      Based solely on Counterclaim Defendant's filing of this action, venue is proper, though not necessarily convenient, in this District pursuant at least 28 U.S.C. §§ 1391 and 1400.

### COUNT I: DECLARATION REGARDING NON-INFRINGEMENT

7.      Zava incorporates by reference Paragraphs 1–6 above.

8.      Based on Counterclaim Defendant's filing of this action and at least Zava's first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether Zava infringes U.S. Patent No. 9,054,860 (the "'860 Patent").

9.      Zava does not infringe at least Claim 1 of the '860 Patent because, among other things, the accused "Product" does not contain (1) "a module generating assembly

6

structured to receive at least one verification data element corresponding to the at least one entity and create said at least one digital identification module"; (2) "said at least one digital identification module being disposable within at least one electronic file"; or (3) "said at least one digital identification module comprising at least one primary component structured to at least partially associate said digital identification module with said at least one entity, wherein said at least one digital identification module is cooperatively structured to be embedded within only a single electronic file" as required by the '860 Patent.

10.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Zava requests a declaration by the Court that Zava has not infringed and does not infringe any claim of the '860 Patent under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

### COUNT II: DECLARATION REGARDING INVALIDITY

11.     Zava incorporates by reference Paragraphs 1–10 above.

12.     Based on Counterclaim Defendant's filing of this action and at least Zava's Second Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '860 Patent.

13.     The asserted claims of the '860 Patent are anticipated and/or rendered obvious by, *inter alia*, U.S. Patent Nos. 5,606,609; 8,315,237; U.S. Patent Publ'n Nos. 2005/0229258; 2005/0080909; 2006/0259767; PCT Publ'n No. WO 02/073380; and/or JP Patent No. 4,086,825 6,067,646.

14.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Zava requests a declaration by the Court that the claims of the '860 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

**PRAYER FOR RELIEF**

WHEREFORE, Zava asks this Court to enter judgment in Zava's favor and against Counterclaim Defendant by granting the following relief:

a)      a declaration that the '860 Patent is invalid;

b)      a declaration that Zava does not infringe, under any theory, any valid claim of the '860 Patent that may be enforceable;

c)      a declaration that the '860 Patent is unenforceable;

d)      a declaration Counterclaim Defendant take nothing by its Complaint;

e)      judgment against Counterclaim Defendant and in favor of Zava;

f)      dismissal of the Complaint with prejudice;

g)      a finding that this action is an exceptional case under 35 U.S.C. § 285 and an award to Zava of its costs and attorneys' fees incurred in this action; and

h)      further relief as the Court may deem just and proper.

**JURY DEMAND**

Zava hereby demands trial by jury on all issues.

Dated: June 10, 2021

Respectfully submitted,

**FISH & RICHARDSON P.C.**

By: */s/ Neil J. McNabnay*

　　Neil J. McNabnay *pro hac vice pending*
　　mcnabnay@fr.com
　　Texas Bar No. 24002583
　　Ricardo J. Bonilla *pro hac vice forthcoming*
　　rbonilla@fr.com
　　Texas Bar No. 24082704
　　Collin J. Marshall *pro hac vice forthcoming*
　　cmarshall@fr.com
　　Texas Bar No. 24109509

　　1717 Main Street, Suite 5000
　　Dallas, Texas 75201
　　(214) 747-5070 (Telephone)
　　(214) 747-2091 (Facsimile)

**Attorneys for Defendant Zava Global
Partners, LLC d/b/a Blueink**

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the above and foregoing document has been served on June 10, 2021, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/ Neil J. McNabnay*
Neil J. McNabnay

9